DAVID CARLSON, WSBA #35767
DISABILITY RIGHTS WASHINGTON
315 Fifth Avenue South, Suite 850
Seattle, WA  98104
(206) 324-1521

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DISABILITY RIGHTS WASHINGTON, <br><br> Plaintiff, <br><br> vs. <br><br> WEEPING RIDGE ESTATE ADULT FAMILY HOME, INC. and ISRAEL RODRIGUEZ, <br><br> Defendants. | No. 16-0043 <br><br><br> COMPLAINT |

COMES NOW the plaintiff by and through its attorney, and as for its cause of action against the defendants, states and alleges as follows.

## I.    PRELIMINARY STATEMENT

1.    This action seeks injunctive and declaratory relief ordering defendant Weeping Ridge Adult Family Homes (Weeping Ridge) to provide Disability Rights Washington (DRW) the records requested and otherwise comply with all requirements relating to DRW's authority to access Weeping Ridge's records, premises, residents, and staff.  Such access is mandated by the Developmental

COMPLAINT - 1

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729

Disabilities Assistance and Bill of Rights (DD) Act of 1975, 42 U.S.C. § 15041, *et seq.*, the Protection and Advocacy for Individuals With Mental Illness (PAIMI) Act, 42 U.S.C. § 10801, *et seq.*, and the Protection and Advocacy for Individual Rights (PAIR) Act 29 U.S.C. § 794e, *et seq.*, and the regulations promulgated pursuant to these statutes. DRW has probable cause to suspect an individual with a developmental disability served by Weeping Ridge has been abused or neglected. In order to conduct a full investigation, DRW requested records pursuant to the protection and advocacy statutes. Weeping Ridge has not provided those documents.

## II.     JURISDICTION AND VENUE

2.     This action arises under the laws of the United States. Plaintiff DRW seeks declaratory and injunctive relief pursuant to the PAIMI Act, 42 U.S.C. § 10801, the DD Act, 42 U.S.C. § 15041, and the PAIR Act, 29 U.S.C. § 794e, to redress Defendant's interference with DRW's ability to carry out the function of the protection and advocacy system for Washington State by denying DRW access to records that it needs to conduct a full and meaningful investigation into potential abuse and neglect.

3.     Jurisdiction in this matter is asserted pursuant to 28 U.S.C. §§ 1331, 2201 for causes of action arising under the Constitution and federal statutory and common laws of the United States.

COMPLAINT - 2

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 ・ Fax: (206) 957-0729

4. The rights which Plaintiff seeks to enforce are guaranteed by Congress through the mandates set forth in the DD Act, 42 U.S.C. § 15041, *et seq.*, the PAIMI Act, 42 U.S.C. § 10801, *et seq.*, and the PAIR Act, 29 U.S.C. § 794e, *et seq.* These Acts establish a mandate for DRW to protect and advocate for individuals with developmental, mental, and physical disabilities who have been abused, neglected, or had their rights otherwise violated.

5. This Honorable Court also has authority pursuant to 28 U.S.C. §§ 2201 and 2202 to enter declaratory judgments declaring the rights and other legal relations of parties to the action.

6. An award of monetary damages is inadequate as Plaintiff suffers and will continue to suffer irreparable harm from Defendants' actions, inactions, policies, and procedures and the violations complained herein.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b) as all parties reside in the State of Washington and Plaintiff's claim for relief arises within this state. Defendants performed the acts and omissions complained of herein in the State of Washington in this district. This District provides the most convenient forum for the litigation of these issues.

### III.    PARTIES

**Plaintiff**

**Disability Rights Washington**

COMPLAINT - 3

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

1    8.    Plaintiff DRW, a nonprofit corporation duly organized under the laws of the State of Washington, is the statewide protection and advocacy system designated by the Governor of the State of Washington to protect and advocate for the legal and civil rights of those citizens of this state who have disabilities, pursuant to the DD Act, 42 U.S.C. § 15041, *et seq.*, the PAIMI Act, 42 U.S.C. § 10801, *et seq.*, and the PAIR Act, 29 U.S.C. § 794e.  R.C.W. 71A.10.080(2). DRW maintains offices in Seattle and Spokane at 315 5th Avenue South, Suite 850, Seattle, WA 98104, and 10 N. Post Street, Spokane, WA 99201.

9.    As the duly designated statewide protection and advocacy system for individuals with disabilities in the State of Washington, DRW has the authority and responsibility to pursue legal, administrative, and such other appropriate remedies or relief as may be necessary to protect and advocate for the rights of those persons within the State of Washington who are receiving or who may be eligible for treatment, services, or habilitation due to their physical and/or mental disabilities pursuant to the DD Act, 42 U.S.C. § 15043, the PAIMI Act, 42 U.S.C. § 10805, and the PAIR Act, 29 U.S.C. § 794e(f).

10.    In its capacity as the designated protection and advocacy system for the State of Washington, DRW is entitled to access records of all persons with disabilities, have "been the subject of a complaint to the P&A system, or the P&A system has probable cause (which can be the result of monitoring or other activities

COMPLAINT - 4

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729

including media reports and newspaper articles) to believe that such individual has been subject to abuse and neglect." 45 C.F.R. § 1386.25 (a)(2)(iii)

11.     DRW has and will continue to suffer irreparable harm as a result of Defendants' actions or inactions absent preliminary and permanent relief.

**Defendants**

### Weeping Ridge Estate Adult Family Home, Inc.

12.     Defendant Weeping Ridge Estate Adult Family Home is a for profit corporation operating a treatment facility licensed as an adult family home.  The Defendant Weeping Ridge offers therapeutic services to individuals with disabilities including brain injuries, spinal cord injuries, and other complex medical concerns. It is located at 2455 W. Bench Rd., Othello, WA 99344.

### Israel Rodriguez

13.     Israel Rodriguez is the sole officer of Weeping Ridge Estate Adult Family Home Inc.  Defendant Rodriguez exercises direct control over the operations of the licensed adult family home owned by Defendant Weeping Ridge. In this capacity he has overseen the treatment of residents of Weeping Ridge and made decisions about how Weeping Ridge responded to DRW's requests for records.

COMPLAINT - 5

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington   98104
(206) 324-1521 ᐧ Fax: (206) 957-0729

## IV.    FACTUAL ALLEGATIONS

14.     At all times relevant herein, DRW has been, and is, designated by the Governor of the State of Washington as the protection and advocacy system for those citizens of this state who have mental, developmental, and physical disabilities.

15.     DRW, like all of the protection and advocacy agencies currently operating in the other forty-nine states, the federal protectorates (American Samoa, Guam, the Commonwealths of the North Mariana Islands and Puerto Rico, the Republic of Palau, and the United States Virgin Islands), the District of Columbia, and the Native American nations in the four-corners region of the southwest, was originally created pursuant to the mandates of the DD Act, 42 U.S.C. § 15041, *et seq.*, the PAIMI Act, 42 U.S.C. § 10801, *et seq.*, and the PAIR Act , 29 U.S.C. § 794e, *et seq.*

16.     As a result of the extensive congressional hearings preceding the passage of each of the protection and advocacy statutes, Congress found that there had been an extensive history of unlawful discriminatory segregation, extraordinary maltreatment, financial exploitation, neglect, and physical abuse of those individuals who resided in institutional facilities and residential programs throughout the United States.

COMPLAINT - 6

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 ・ Fax: (206) 957-0729

17. The DD, PAIMI, and PAIR Acts require that each state, in exchange for receipt of certain federal financial assistance, effect a system to protect and advocate for the rights of persons with disabilities and further specify that these systems must have the authority to investigate and pursue legal and other appropriate remedies for those persons. *See* 29 U.S.C. § 794e(f); 42 U.S.C. §§ 10805, 15043.

18. The Washington State legislature provided for such a system with the enactment of R.C.W. 71A.10.080. Specifically, under the provisions of R.C.W. 71A.10.080(1), the designated protection and advocacy agency "shall have the authority to pursue legal, administrative, and other appropriate remedies to protect the rights of the developmentally disabled and to investigate allegations of abuse and neglect." Similar authority is granted to the designated protection and advocacy system to "pursue legal, administrative, and other appropriate remedies to protect the rights of mentally ill persons and to investigate allegations of abuse or neglect" under R.C.W. 71A.10.080(2).

19. DRW, in accordance with its congressional mandates, duties, and responsibilities as the designated protection and advocacy agency for the State of Washington under federal and state law, employs attorneys and advocates to perform and provide protection and advocacy services to people in the State of Washington who have mental, developmental, and physical disabilities.

COMPLAINT - 7

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

20. DRW's mandate to provide investigative and advocacy services to individuals with disabilities extends to individuals residing in both private and publicly-funded facilities.

21. DRW received a report of possible neglect of one of Defendants' residents (Resident A).[1]

22. Under the DD Act, "neglect" is defined broadly and "includes acts or omissions such as failure to: establish or carry out an appropriate individual program plan or treatment plan (including a discharge plan)…." 45 C.F.R. § 1386.19 (parenthetical in original).

23. DRW received additional information from the state the Developmental Disabilities Administration of the Department of Social and Health Services supporting a conclusion that DRW had probable cause to suspect abuse or neglect.

---

[1] Identification as Resident A is used for the purpose of public filing to protect the confidentially of the resident, whom DRW attorneys determined is not legally competent to authorize the release of personally identifiable information. *See* 45 C.F.R. § 1386.28(b)(1)(iii).

COMPLAINT - 8

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ᛫ Fax: (206) 957-0729

24. On January 14, 2016, DRW exercised its federal authority under the protection and advocacy acts to monitor the conditions and treatment provided to Defendants' residents, including Resident A.

25. In meeting with Resident A, DRW attorneys concluded that Resident A has a developmental disability and was not competent to sign a release authorizing DRW to access the resident's records in order to conduct a full investigation of the possible abuse and neglect.

26. On February 3, 2016, DRW requested Resident A's records in a letter addressed to Defendant Israel Rodriguez.

27. The letter explained that DRW has authority to investigate abuse and neglect of individuals with developmental disabilities if DRW has probable cause. 42 U.S.C. § 15043(a)(2)(B).

28. The letter also explained that since Resident A was not competent to sign a release and did not have a legally appointed guardian, DRW has authority under the DD Act to access his records, absent written consent. 42 U.S.C. § 15043(a)(2)(I). The letter further explained that the federal Healthcare Insurance Portability and Accountability Act (HIPAA) does not prevent disclosures pursuant to the protection and advocacy acts utilized to request access Resident A's records.

29. The letter requested:

- Admission summaries, evaluations, and assessments;

COMPLAINT - 9

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 ∙ Fax: (206) 957-0729

- Progress notes or other daily logs;
- Physician orders or other documentation of all medical appointments and physician consultations;
- Incident or abuse/neglect reports to the Department of Social and Health Services Developmental Disabilities Administration, Residential Care Services/Complaint Resolution Unit, or Adult Protective Services; and
- Incident reports or other documentation of all hospitalizations.

30. The letter explained that DRW must have access to requested records within three business days pursuant to 42 U.S.C. § 15043(a)(2)(J)(i).

31. Two days later, on Friday, February 5, 2016, Defendant Rodriguez called Ms. Susan Kas, Staff Attorney at DRW, to discuss the request. During the call, he did not have any questions and assured Ms. Kas that he was having the nurse pull records and would be sending them overnight to DRW.

32. The records did not arrive the next business day. After waiting several additional days to allow for administrative barriers and delivery problems Defendant Rodriguez did not foresee when promising to get DRW the records the next day, Ms. Kas emailed Defendant Rodriguez on Friday, February 12, 2016, requesting his response as to when DRW could expect to receive the records.

33. On Wednesday, February 17, 2016, DRW still had not received any of the requested records and had not received a response from Defendants about when DRW could expect to receive the records. On that day, DRW sent a letter requesting Defendants provide written assurance by the close of business the next

COMPLAINT - 10

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 • Fax: (206) 957-0729

1  day that all requested records will be provided to DRW no later than Monday,

2  February 22, 2016.

3      34.    The letter explained that DRW wanted to avoid a lawsuit, but if it did

4  receive the written assurance the records were on their way, DRW would file a

5  lawsuit.

6      35.    After the close of business Thursday, February 18, 2016, DRW still

7  had not received any response from Defendants.

8      36.    Another email was sent to Defendant Rodriguez requesting he contact

9  DRW first thing in the morning Friday if Defendants desired to avoid a lawsuit.

10  Defendant Rodriguez did not email DRW on the morning of Friday, February 19,

11  2016.

12      37.    As a result of Weeping Ridge's refusal to follow federal law, DRW

13  has been denied access to conduct a full and meaningful investigation of possible

14  neglect of an individual with a disability.

15      38.    Defendants have been made aware of, and have been informed by

16  DRW of DRW's federal authority to access records in the possession of private

17  facilities that serves individuals with disabilities.

18      39.    Defendants' acts frustrate the congressionally-mandated functions and

19  duties of the protection and advocacy system.  As described in the foregoing

20

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 ・ Fax: (206) 957-0729

paragraphs, Plaintiff attempted, on numerous occasions, to resolve its access issue with the Defendants. These attempts have proven unsuccessful.

40. Plaintiff has suffered and continues to suffer direct and irreparable injury to its statutory interests in investigating abuse and neglect of individuals with developmental disabilities, traumatic brain injury, mental illness, and other disabilities.

41. Plaintiff has standing to bring this action on its own behalf, because the refusal of access by Defendants constitutes an injury in fact to plaintiff's legally-protected interests. This injury is concrete, particularized, actual, and imminent. There is a causal relationship between the injury and Defendants' challenged conduct, and a favorable decision by this Court will address the injury.

42. Plaintiff has no adequate remedy at law.

## V. **CLAIMS**

43. Violation of DRW's Rights under 42 U.S.C. § 15041, *et seq.*, 42 U.S.C. § 10801, *et seq.*, and 29 U.S.C. § 794e.

## VI. **PRAYER FOR RELIEF**

44. Wherefore, plaintiff Disability Rights Washington respectfully prays to the Honorable Court for the following relief:

    A. For an Order assuming Jurisdiction over this case;

COMPLAINT - 12

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 ∙ Fax: (206) 957-0729

1      B.     For an Order declaring that Defendant's actions and inactions, as described herein, violate Plaintiff's rights under 42 U.S.C. § 15041, *et seq.*, 42 U.S.C. § 10801, *et seq.,* 29 U.S.C. § 794e, and the regulations promulgated thereto;

       C.     For an Order directing Defendant to immediately provide Plaintiff DRW with all records requested and otherwise provide full, meaningful, and effective access to any other records, residents, staff, or facilities DRW deems necessary to conduct a full investigation without further delay;

       D.     For an Order granting Plaintiff such other and further relief as this Court deems just and proper.

Dated this 19th day of February 2016.

Respectfully Submitted,

DISABILITY RIGHTS WASHINGTON

By:    */s/David R. Carlson*
       David R. Carlson, WSBA #35767
       Attorney for Plaintiff

COMPLAINT - 13

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 ・ Fax: (206) 957-0729